PAINTER, J.,
dissenting in part.
| ¡While I agree with the majority in all other regards, I disagree with the apportionment of fault. The evidence at trial support the conclusion that, while a dangerous condition existed in the bleachers, Mrs. Pryor’s own negligence was a major contributing factor in her injury. Mrs. Pryor climbed the bleachers with great difficulty and had to resort to lying or sitting on the steps. When she decided to descend, she refused the help of her able bodied son and was accompanied by her daughter, who, as Mrs. Pryor was aware, was recovering from surgery. Although she had been unable to ascend on her feet, she descended on her feet to avoid embarrassment. She had several opportunities to avoid or limit her damage and rejected the more cautious course of action. Therefore, I would apportion fault 50% to Mrs. Pryor and 50% to the school board.